## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| VIAAS INC., | |
|      Plaintiff, | Case No. 6:22-cv-01041-KC |
| v. | |
| AMAZON.COM, INC. and<br>RING LLC, | **JURY TRIAL DEMANDED** |
|      Defendants. | |

### DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(5)

SF-5373914

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ........................................................................................................ 1

    A. The '888 patent's public chain of title did not convey ownership to Plaintiff ....... 2

    B. The '069 patent's public chain of title did not convey ownership to Plaintiff........ 4

    C. Plaintiff failed to serve either Defendant with a summons and copy of the complaint ................................................................................................................ 6

    D. Plaintiff has been unable to support its purported ownership of the asserted patents ................................................................................................................... 6

III. LEGAL STANDARD ............................................................................................... 7

    A. Constitutional Standing......................................................................................... 7

    B. Service of Process .................................................................................................. 8

IV. ARGUMENT ............................................................................................................ 9

    A. Plaintiff lacks standing because two separate flaws break its claim to ownership. 9

        1. Plaintiff first lacks standing because Third Iris Corp., not Plaintiff, owns the patents ............................................................................................................ 9

        2. Plaintiff also lacks standing because its agreement with Barracuda only provided a promise to assign in the future, not a present assignment....... 11

        3. The Court can rule on standing as a matter of law. .......................................... 14

    B. Plaintiff has not properly served Amazon or attempted service on Ring ............. 15

V. CONCLUSION .......................................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Abraxis Bioscience, Inc. v. Navinta LLC,*
    625 F.3d 1359 (Fed. Cir. 2010)...................................................................................... 10, 12

*Advanced Video Techs., LLC v. HTC Corp.,*
    103 F. Supp. 3d 409 (S.D.N.Y. 2015)................................................................................ 11

*Akazawa v. Link New Tech. Int'l, Inc.,*
    520 F.3d 1354 (Fed. Cir. 2008)......................................................................................... 11

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.,*
    583 F.3d 832 (Fed. Cir. 2009)............................................................................................ 12

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.,*
    563 U.S. 776 (2011)........................................................................................................... 10

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.,*
    517 F.3d 1284 (Fed. Cir. 2008)..................................................................................... 12, 14

*EMA Electromechanics, Inc. v. Siemens Corp.,*
    No. 6:21-CV-00206-ADA,
    2021 U.S. Dist. LEXIS 187862 (W.D. Tex. Sep. 30, 2021).............................................. 3, 14

*EMA Electromechanics, Inc. v. Siemens Corp.,*
    No. 6:21-CV-00206-ADA,
    2021 U.S. Dist. LEXIS 259678 (W.D. Tex. Dec. 13, 2021) .............................................. 10

*Enzo APA & Son, Inc. v. Geapag A.G.,*
    134 F.3d 1090 (Fed. Cir. 1998).......................................................................................... 10

*Familia De Boom v. Arosa Mercantil, S.A.,*
    629 F.2d 1134 (5th Cir. 1980) ............................................................................................ 8

*Glencore Ltd. v. Occidental Arg. Exploration and Prod., Inc.,*
    No. H-11-CV-3090, 2012 U.S. Dist. LEXIS 21971 (S.D. Tex. Feb. 22, 2012) ........................ 8

*Intellectual Tech LLC v. Zebra Techs. Corp.,*
    No. 6:19-cv-00628-ADA,
    2022 U.S. Dist. LEXIS 90905 (W.D. Tex. May 20, 2022) ..................................................... 16

*IntelliGender, LLC. v. Soriano,*
    No. 2:10-CV-125-TJW,
    2011 U.S. Dist. LEXIS 26301 (E.D. Tex. Mar. 15, 2011)..................................................... 9, 15

iii

*Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*,
No. 5:18-CV-806-DAE,
2019 U.S. Dist. LEXIS 195543 (W.D. Tex. June 10, 2019) .................................... 9

*Keene Corp. v. United States*,
508 U.S. 200 (1993) ............................................................................................. 7

*Land v. Dollar*,
330 U.S. 731 (1947) ............................................................................................. 8

*Lewis v. Knutson*,
699 F.2d 230 (5th Cir. 1983) ............................................................................... 7

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......................................................................................... 7, 9

*McGuire v. Sigma Coatings, Inc.*,
48 F.3d 902 (5th Cir. 1995) ................................................................................. 8

*Media Techs. Licensing, LLC v. Upper Deck Co.*,
334 F.3d 1366 (Fed. Cir. 2003) ........................................................................... 7

*Mitek Sys. v. USAA*,
34 F.4th 1334 (Fed. Cir. 2022) ............................................................................ 7

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007) ........................................................................... 9

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
No. 1:12-CV-773-SS, 2015 WL 11251772 (W.D. Tex. Feb. 17, 2015)................................. 12

*Oaxaca v. Roscoe*,
641 F.2d 386 (5th Cir. 1981) ............................................................................... 7

*Paterson v. Weinberger*,
644 F.2d 521 (5th Cir. 1981) ............................................................................... 7

*PerDiemCo, LLC v. Industrack LLC*,
No. 2:15-CV-00727-JRG-RSP,
2016 U.S. Dist. LEXIS 151935 (E.D. Tex. Oct. 17, 2016) .................................... 15

*Propat Int'l Corp. v. Rpost, Inc.*,
473 F.3d 1187 (Fed. Cir. 2007)............................................................................ 3

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
402 F.3d 1198 (Fed. Cir. 2005)............................................................................ 16

iv

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
No. 2:15-CV-1030-WCB,
2016 U.S. Dist. LEXIS 150209 (E.D. Tex. Oct. 31, 2016) ................................. 7, 8

*Sgromo v. Bestway Enter. Co.*,
No. 219CV00060JRGRSP, 2019 WL 4686719 (E.D. Tex. Aug. 29, 2019) ........................... 10

*Speedplay, Inc. v. Bebop*,
211 F.3d 1245 (Fed. Cir. 2000) ................................................................... 9

*Superior MRI Servs. v. All. HealthCare Servs.*,
778 F.3d 502 (5th Cir. 2015) ..................................................................... 8

*Warth v. Seldin*,
422 U.S. 490 (1975) .............................................................................. 7

*WiAV Sols. LLC v. Motorola, Inc.*,
631 F.3d 1257 (Fed. Cir. 2010) ................................................................... 9

*Williamson v. Tucker*,
645 F.2d 404 (5th Cir. 1981) ..................................................................... 7

**Statutes**

35 U.S.C. § 261 .................................................................................. 2

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................... 1, 16

Fed. R. Civ. P. 12(b)(5) ....................................................................... 1, 8

Fed. R. Civ. P. 4 ............................................................................... 15

## NOTE ON EMPHASIS

All emphasis in the brief is added unless otherwise noted.

## I. INTRODUCTION

Plaintiff VIAAS Inc. alleges that Defendants Amazon.com, Inc. and Ring LLC infringe U.S. Patent Nos. 8,558,888 and 9,472,069, two narrow patents directed at a particular way of storing information from video surveillance devices. But Plaintiff fails two basic requirements for filing a federal case. ***First,*** despite Plaintiff's allegation that it is the "exclusive owner" of the asserted patents, ECF No. 1 ¶¶ 13, 14, the assignment agreements recorded with the U.S. Patent and Trademark Office show that: (a) the patents are in fact owned by Third Iris Corp., a Grand Cayman corporation; and (b) *no* agreement in the chain of title even purports to assign the patents to Plaintiff. To avoid wasting party and court resources on motion practice, Defendants requested that Plaintiff provide explanation and supporting documentation of its good faith basis for alleging ownership of the asserted patents and standing to bring this case. Plaintiff's response, however, did not resolve these two issues, either of which is fatal to Plaintiff's ownership claim and, thus, its standing to bring suit. ***Second,*** Plaintiff failed to properly serve either Defendant. For Ring LLC, Plaintiff never even requested the issuance of a summons. For Amazon.com, Inc., Plaintiff purports to have served an entity that is *not* registered in Texas as an agent for Amazon.com, Inc. Accordingly, the complaint should be dismissed for lack of subject matter jurisdiction and insufficient service of process under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5).

## II. BACKGROUND

Plaintiff sued Defendants for allegedly infringing the '888 and '069 patents on October 6, 2022. ECF No. 1. The complaint alleges that Plaintiff "is the exclusive owner by assignment of all rights, title, and interest in the [asserted patents], including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of

1

the [asserted patents]." *Id.* ¶¶ 13, 14; *see also id.* ¶ 16 ("Plaintiff VIAAS is the owner of the entire right, title, and interest in and to the patents-in-suit").

The publicly recorded chain of title reflects that Third Iris Corp. owns the asserted patents. The USPTO maintains a public "register of interests in patents and applications for patents and shall record any document related thereto upon request." 35 U.S.C. § 261; *see also* USPTO Patent Assignment Search, https://assignment.uspto.gov/patent/index.html#/patent/search (last visited Jan. 19, 2023). Records are identified and paginated by "Reel/Frame" numbers. The USPTO Assignment Database maintains several records related to the asserted patents. One record conveyed the asserted patents from the named inventor to Third Iris Corp., but there is no record of Third Iris Corp. ever conveying the asserted patents away. Also, the only record involving Plaintiff does not even purport to convey a legal interest in the asserted patents.

**A. The '888 patent's public chain of title did not convey ownership to Plaintiff**

The '888 patent was filed as U.S. Patent Application No. 12/395,437 (the "'437 application") on February 27, 2009. ECF No. 1-1 (Ex. A at (21), (22)[1]). The sole named inventor is Steven Roskowski. *Id.* The publicly recorded assignment agreements maintained by the USPTO Assignment Database reflect that chain of title to the '888 patent passed from Mr. Roskowski to Third Iris—but no further—as illustrated and discussed in detail below:



---

[1] References to numerals within parentheticals refer to sections on the cover of the relevant patents.

SF-5373914

The first record for the '888 patent in the USPTO Assignment Database is an agreement dated March 2, 2009 (the "2009 Agreement"). Ex. A.[2] It assigned "the entire right, title and interest" to the "inventions" disclosed in the '437 application from Mr. Roskowski to Third Iris Corp., "a corporation of CAYMAN ISLANDS." *Id.* The assignment included any "divisional, substitution, continuation, or continuation-in-part" applications from the '437 application. *Id.*

The next record is an October 3, 2012, "Patent Security Agreement" between Barracuda Network, Inc. ("Barracuda") and Silicon Valley Bank ("SVB"), in which Barracuda granted SVB a security interest in a tranche of patents and patent applications, including the '437 application. Ex. B at Frame 0119. The Patent Security Agreement did not mention Third Iris Corp. or whether and how Barracuda obtained the '437 application such that it could grant a security interest in it.

The next record is an April 25, 2013, "Indemnity Agreement" between Mr. Roskowski and Barracuda. Ex. C. Despite the agreement's cover sheet,[3] it does not purport to assign interests in the '437 application or any other patents or patent applications. *See generally id.* The Indemnity Agreement similarly does not address whether or how (i) the '437 application reverted from Third Iris Corp. to Mr. Roskowski; or (ii) Barracuda was able to use the '437 application as collateral with SVB in 2012.

Six months later, the '437 application issued as the '888 patent, identifying Third Iris Corp.—not Mr. Roskowski or Barracuda—as the assignee. ECF No. 1-1 (Ex. A at (45), (73)).

---

[2] Unless otherwise indicated, all cited exhibits (excluding those exhibits to the complaint) are exhibits to the Declaration of Regan Rundio submitted concurrently herewith.

[3] The cover sheet submitted with this record designates the Indemnity Agreement as an "Assignment" conveying the '437 application from Mr. Roskowski to Barracuda. Ex. C at Frame 0270 (cover sheet). Cover sheets are administrative papers; they are not legally operative assignments. *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-00206-ADA, 2021 U.S. Dist. LEXIS 187862, at *11 (W.D. Tex. Sep. 30, 2021) (citing *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189–90 (Fed. Cir. 2007)). They are, however, typically prepared by agents with knowledge of the underlying agreement.

The next record comes four years after the '888 patent issued and includes: (a) a May 31, 2017, "Bill of Sale, Assignment and Assumption Agreement" executed between Barracuda and VIAAS Inc. (the "2017 Bill of Sale"); and (b) a June 9, 2017, "Amendment No. 1 to Asset Purchase Agreement" ("Amendment No. 1"). Ex. D. The 2017 Bill of Sale states that Barracuda and VIAAS Inc. entered into a May 11, 2017 Asset Purchase Agreement (the "2017 APA"). *Id.* at Frame 0052. The 2017 APA was not recorded with the USPTO. Amendment No. 1 self-identifies as an amendment to the 2017 APA. *Id.* at Frame 0054. It defines VIAAS as the "Buyer" and Barracuda as the "Seller." *Id.* Schedule 1.04 to Amendment No. 1 is titled "Software and Patent License Grant," and it is the only provision in the 2017 Bill of Sale and Amendment No. 1 identifying particular patents. *Id.* at Frame 0057. It provides: "Buyer *may* request transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request." *Id.* It then identifies the '437 application and the application that would become the '069 patent. *Id.* That language constitutes a *promise* to assign; it is not an assignment.

Accordingly, there is no record of Third Iris Corp. assigning away the '888 patent, nor is there a record of Plaintiff ever being assigned the '888 patent.

**B. The '069 patent's public chain of title did not convey ownership to Plaintiff**

The '069 patent was filed as U.S. Patent Application No. 13/666,879 (the "'879 application") on November 1, 2012. ECF No. 1-1 (Ex. B at (21)). The '879 application was a division of the '437 application. *Id.* at (62). The sole named inventor of the '069 patent is Mr. Roskowski. *Id.* at (72). The publicly recorded assignment agreements maintained by the USPTO Assignment Database reflect that chain of title to the '069 patent passed from Mr. Roskowski to Third Iris—but no further—as illustrated and discussed in detail below:

4



Although the USPTO Assignment Database profile for the '069 patent does not include a record conveying the '879 application away from Mr. Roskowski, the 2009 Agreement (referenced in the prior section) assigned divisional applications of the '437 application from Mr. Roskowski to Third Iris Corp. Ex. A. The '879 application is a divisional of the '437 application. ECF No. 1-1 (Ex. B at (62)). Accordingly, the 2009 Agreement assigned all interest in the '879 application to Third Iris Corp. Consistent with that assignment, the USPTO published the '879 application on March 7, 2013, and identified "Third Iris Corp[.]" as the '879 application's assignee. Ex. E at (73).

The USPTO Assignment Database records for the '069 patent include an October 29, 2015, assignment agreement purporting to convey the '879 application from Mr. Roskowski to Barracuda. Ex. F. This agreement does not explain whether and how ownership of the '879 application reverted from Third Iris Corp. to Mr. Roskowski such that Mr. Roskowski could properly assign the '879 application to Barracuda.

The next record includes the same agreements referenced above, *i.e.*, the 2017 Bill of Sale and Amendment No. 1 executed between Barracuda and VIAAS Inc. Ex. D at Frame 0057. Although Schedule 1.04 of Amendment No. 1 identified both the '437 application and the '879 application,[4] that grant only included a promise to assign, not an actual assignment: "Buyer *may* request transfer of the patents issued with the following application numbers from Seller and Seller *will* transfer such patents upon request." *Id*.

---

[4] The '879 application issued as the '069 patent on October 18, 2016. ECF No. 1-1 (Ex. B at (45)).

SF-5373914

Accordingly, there is no record of Third Iris Corp. assigning away the '069 patent, nor is there a record of Plaintiff ever being assigned the '069 patent.

### C. Plaintiff failed to serve either Defendant with a summons and copy of the complaint

The same day Plaintiff filed its complaint, it requested and received a summons for "Amazon.com Inc.," identifying CT Corporation System in Dallas, Texas, as Amazon's "Registered Agent." ECF No. 3. Plaintiff then served Corporation Service Company in Austin, Texas, which Plaintiff also labeled as Amazon's "Registered Agent." ECF No. 8. Yet Amazon.com, Inc. has no registered agent for service of process with the Texas Secretary of State, as the Secretary's website makes clear. *See* Ex. G. Plaintiff never requested a summons for Ring, nor does Plaintiff otherwise purport to have served Ring with a summons and a copy of the complaint.

### D. Plaintiff has been unable to support its purported ownership of the asserted patents

Defendants raised the patent ownership issues to Plaintiff by letter dated January 20, 2023, and requested that Plaintiff explain and provide documentation demonstrating the constitutional standing to file this case. Ex. H. Counsel for the parties conferred via telephone on January 26, 2023, during which Plaintiff's counsel represented his belief that the asserted patents passed from Third Iris Corp. to Barracuda by law. Later the same day, Plaintiff's counsel emailed Defendants' counsel stating that "there is no gap in title because Third Iris dissolved and its sole shareholder was Barracuda." Ex. I. Attached to that email were documents that, according to Plaintiff's counsel, "establishes the assignment history of the patent and asset purchase." *See id.* Most of the documents were already publicly available via the USPTO and *none* addressed the standing issues identified in Defendants' January 20 letter.

## III. LEGAL STANDARD

### A. Constitutional Standing

"Standing to sue is a jurisdictional matter that is a threshold requirement in every federal action." *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 U.S. Dist. LEXIS 150209, at *7 (E.D. Tex. Oct. 31, 2016) (Bryson, J.) (collecting cases). It implicates the case-or-controversy requirement of Article III of the U.S. Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing must be present at the time the suit is brought. *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993); *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1370 (Fed. Cir. 2003). If the court finds that the plaintiff lacks standing, the court must dismiss the action for lack of jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501–02 (1975).

In evaluating a challenge to a party's standing, district courts must adopt the framework of the regional circuit—not the Federal Circuit. *See Mitek Sys. v. USAA*, 34 F.4th 1334, 1341 (Fed. Cir. 2022) ("Under Fifth Circuit precedent, which we follow on a non-patent-specific issue such as this . . . ."). In the Fifth Circuit, challenges to jurisdiction, including standing, are either "facial" or "factual." *See id.*; *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983); *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). A "facial" challenge to jurisdiction attacks the sufficiency of the complaint's allegations related to jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In resolving a facial challenge, courts take the complaint's factual allegations as true and determines whether they would, if proved, establish the court's jurisdiction over the matter before it. *See id.*

A "factual" challenge, by contrast, does not assume the correctness of the complaint's factual allegations. *See Williamson v. Tucker*, 645 F.2d 404, 413–15 (5th Cir. 1981). Rather, the

question is whether the facts actually establish that the court has jurisdiction over the matter. *Id.* The plaintiff bears the burden of showing jurisdiction and parties may offer factual evidence bearing on that question. *See id.* Resolving that factual issue is reserved for the district court, not the jury, unless the jurisdictional issue is inextricably intertwined with the merits of the underlying dispute. *See id.* at 413 ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations."); *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by the party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise into the facts as they exist."). The party asserting federal jurisdiction must establish standing by a preponderance of the evidence. *See Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015). "These principles apply with full force in patent cases." *See Script Sec. Sols.*, 2016 U.S. Dist. LEXIS 150209, at *9 (collecting cases).

### B. Service of Process

A district court cannot exercise jurisdiction over a defendant not properly served. *See Glencore Ltd. v. Occidental Arg. Exploration and Prod., Inc.*, No. H-11-CV-3090, 2012 U.S. Dist. LEXIS 21971, at *4 (S.D. Tex. Feb. 22, 2012). "Actual notice of the litigation does not satisfy the requirement of proper service of summons under Rule 4." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). "As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). When faced with a Rule 12(b)(5) motion, a district court "normally has discretion to either dismiss the action or

8

simply quash service." *IntelliGender, LLC. v. Soriano*, No. 2:10-CV-125-TJW, 2011 U.S. Dist. LEXIS 26301, at *13 (E.D. Tex. Mar. 15, 2011).

## IV. ARGUMENT

### A. Plaintiff lacks standing because two separate flaws break its claim to ownership.

#### 1. Plaintiff first lacks standing because Third Iris Corp., not Plaintiff, owns the patents

Plaintiff lacks Article III standing because the publicly recorded chain of title reflects that Third Iris Corp. owns the asserted patents, and there is no record of Third Iris conveying that ownership to anyone; not Plaintiff, Mr. Roskowski or Barracuda. Plaintiff's claim to title is thus broken and it cannot claim any interest in the asserted patents. Without such interest, Defendants' accused conduct cannot cause VIAAS a constitutional injury and this case should be dismissed for lack of subject matter jurisdiction.

The first element of Article III standing is an "injury in fact." *Lujan*, 504 U.S. at 560. "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). The patent owner typically holds all such rights. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). Plaintiff styles itself the "exclusive owner" of the Asserted Patents. *See* ECF No. 1 ¶¶ 13–16.

To establish its ownership, Plaintiff "must produce a written instrument documenting the transfer of proprietary rights in the patents." *Speedplay, Inc. v. Bebop*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). That document need not be recorded with the USPTO. *See Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-CV-806-DAE, 2019 U.S. Dist. LEXIS 195543, at *8 (W.D. Tex. June 10, 2019) ("[R]ecordation is not a precondition for assignment

9

validity . . . ."). But it must present an unbroken chain of title from the named inventor to Plaintiff. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 563 U.S. 776, 785–86 (2011) ("[A]lthough others may acquire an interest in an invention, any such interest—as a general rule—must trace back to the inventor."); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) ("In order to adjudicate [the] appeal on the standing issue, we must trace the chain of title to the patent.").

The chain of title shows that Third Iris Corp.—not Plaintiff—owns the asserted patents. The inventor conveyed the asserted patents to Third Iris Corp. through the 2009 Agreement, *see* Ex. A, and the USPTO Assignment Database has no record of Third Iris Corp. assigning the Asserted Patents away. Thus, Third Iris Corp. remains the owner of the asserted patents and any subsequent assignment agreements—including those between and among Mr. Roskowski, Barracuda, and VIAAS—failed to convey any interest in the asserted patents. It is blackletter law that an entity cannot convey what it does not have. Nor can Plaintiff argue that it has ownership because Barracuda may have acquired Third Iris Corp. As the Federal Circuit has explained, "[c]ommon corporate structure does not overcome the requirement that *even between a parent and a subsidiary*, an appropriate written assignment is necessary to transfer legal title [of a patent] from one to the other." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010). This case should therefore be dismissed for lack of subject matter jurisdiction. *See EMA Electromechanics, Inc. v. Siemens Corp.,* No. 6:21-CV-00206-ADA, 2021 U.S. Dist. LEXIS 259678, at *29 (W.D. Tex. Dec. 13, 2021) (dismissing case where plaintiff's chain of title was broken); *Sgromo v. Bestway Enter. Co.*, No. 219CV00060JRGRSP, 2019 WL 4686719, at *4 (E.D. Tex. Aug. 29, 2019), *report and recommendation adopted*, 2019 WL 4673756 (E.D. Tex. Sept.

25, 2019) (same); *Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 424 (S.D.N.Y. 2015), *aff'd*, 677 F. App'x 684 (Fed. Cir. 2017) (same).

Although Plaintiff's counsel contends that title to the asserted patents passed to Barracuda from Third Iris Corp. by operation of law, there is no factual basis for that contention. Ex. I. Specifically, Plaintiff's counsel represented to Defendants that "there is no gap in title because Third Iris dissolved and its sole shareholder was Barracuda," relying at least in part on a Delaware certificate of dissolution. *Id.*; *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1356 (Fed. Cir. 2008) ("[O]wnership of a patent may be changed by operation of law."). Yet that certificate, which was recorded with the USPTO along with Amendment No. 1, merely evidences that a Delaware corporation, "Third Iris, Inc.," dissolved in 2015. Ex. D at Frames 0058–62. The dissolved Third Iris, **Inc.** is *not* Third Iris **Corp.**, the Grand Cayman corporation to whom Mr. Roskowski assigned the asserted patents via the 2009 Agreement. *See* Ex. A. Plaintiff has not explained how Third Iris, Inc.'s dissolution relates to Third Iris Corp.'s ownership of the asserted patents, or otherwise suggested (much less shown) that title to the asserted patents passed from Third Iris Corp. to Third Iris, Inc. by the time the latter dissolved. Thus, despite Plaintiff's contention to the contrary, the factual record continues to reflect that Third Iris Corp. still owns the asserted patents. For that reason, Plaintiff lacks standing to sue.

### 2. Plaintiff also lacks standing because its agreement with Barracuda only provided a *promise* to assign in the future, not a present assignment.

Even if Barracuda *had* owned the patents after Third Iris Corp.—and it did not as set forth above—Plaintiff also lacks standing because the agreement between Barracuda and Plaintiff never conveyed interest in the patents to Plaintiff. In Amendment No. 1—the only publicly recorded agreement conveying interests from Barracuda to Plaintiff—Barracuda merely promised to assign the patents to VIAAS on request, in the future. *See* Ex. D at Frame 0057 ("Buyer *may* request

transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request."). And there is no argument—let alone evidence—reflecting that Plaintiff ever made that request or that Barracuda ever honored it. Barracuda's mere promise to assign is, by itself, insufficient to convey constitutional standing to Plaintiff for the reasons set forth below.

The Federal Circuit distinguishes between contracts that effect a present assignment of rights and contracts merely promising to assign rights in the future, and it has made clear that the latter does not "vest legal title to the patents in the assignee." *Abraxis*, 625 F.3d at 1364–65. This Court has interpreted agreements like Amendment No. 1 as mere promises to assign. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 1:12-CV-773-SS, 2015 WL 11251772, at *5 (W.D. Tex. Feb. 17, 2015), *aff'd in relevant part*, 676 F. App'x 967 (Fed. Cir. 2017).

In *National Oilwell*, the plaintiff contended that it owned the asserted patents because its agreement with Contributor "agree[d] to transfer and covey [sic] or assign all of Contributor's right, title, and interest in and to the Property to" the plaintiff. *Id.* But that agreement stated that Contributor "*shall* convey, assign, and transfer the Property to" the plaintiff that "Contributor *shall* execute and deliver any and all documents or instruments as may be required . . . in order to effect and memorialize such conveyance, assignment, and transfer." *Id.* This Court interpreted such language under federal law as constituting a "promise to assign in the future" and not a present assignment, which is typically distinguished by language "like 'hereby assigns.'" *Id.* at *5 (first citing *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008), and then citing *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832 (Fed. Cir. 2009)). That agreement indicated that the Contributor should have "issue[d] a separate assignment document," but this Court could not find that paper in the record. *Id.* at *6.

Satisfied that no instrument conveyed the asserted patent to plaintiff, this Court dismissed the plaintiff's claims for lack of standing. *Id.* at \*6, 9.

Like the agreement in *National Oilwell*, the only agreement here that allegedly assigns rights to Plaintiff, *i.e.,* Amendment No. 1, does not effect a present assignment of the relevant patents. Amendment No. 1 incorporated Schedule 1.04 ("Software and Patent License Grant") into the 2017 APA, and it identifies VIAAS as the "Buyer" and Barracuda as the "Seller." Ex. D at Frame 0054. Section 2, titled "Transfer of Patent Ownership from Seller to Buyer," provides that: "Buyer [VIAAS] *may request* transfer of the patents issued with the following application numbers from Seller [Barracuda] and Seller [Barracuda] *will transfer* such patents upon request. Buyer [VIAAS] will bear all reasonable costs associated with such transfer." *Id.* at Frame 0057. That section identified the '437 and '879 applications that resulted in the two patents asserted in this case. *Id.*

The provisions in Amendment No. 1 are a promise to assign in the future, not a current assignment that effected a concurrent transfer of rights. Because Section 2 states that Barracuda "*will* transfer" rights on VIAAS's request, and because there is no evidence that VIAAS proffered such a request or that Barracuda honored it, no such transfer of rights took place. If the parties had intended to make a present assignment rather than a promise to assign in the future, Amendment No. 1's Section 2 would have mimicked Schedule 1.04's other two sections and included a "hereby grants" clause. *Id.* But it did not. Like the plaintiff in *National Oilwell*, the Plaintiff here did not receive an interest in the asserted patents.

In response to Defendants' letter, Plaintiff produced several agreements that had been recorded with the USPTO and one that had not, which Plaintiff designated as confidential. But nothing in that confidential agreement indicates Barracuda intended to assign the asserted patents

to Plaintiff. *See* Ex. J. The asserted patents are not among the assets identified as transferred from Barracuda to Plaintiff on closing. *Id.* at VIAAS000011 (Section 1.01), VIAAS000019 (Schedule 1.01). And Barracuda otherwise retained any non-identified assets. *Id.* at VIAAS000011 (Section 1.02), VIAAS000020 (Schedule 1.02).

In sum, neither Plaintiff's confidential agreement nor Amendment No. 1 assigned the asserted patents from Barracuda to Plaintiff. Indeed, Barracuda has continued to operate as if it still owns the asserted patents. As recently as August 15, 2022—years after executing the above agreements and just over a month before VIAAS filed suit—Barracuda granted a security interest in the '069 patent to UBS AG. *See* Ex. K at Frames 0213, 0230. Plaintiff therefore lacks constitutional standing to sue and this case should be dismissed for lack of subject matter jurisdiction.

### 3. The Court can rule on standing as a matter of law.

Plaintiff must establish standing by a preponderance of the evidence, *see Superior MRI*, 778 F.3d at 504, and the Court is empowered to resolve a "factual" challenge to standing at the pleading stage, *see Williamson*, 645 F.2d at 413. Here, there are two equally fatal flaws to Plaintiff's standing: the record shows that Third Iris Corp. still owns the asserted patents, but even if ownership somehow passed to Barracuda, Barracuda never assigned the asserted patents to Plaintiff. The language of these agreements is clear, and the Court can dismiss these claims for lack of standing. But to the extent the Court determines that the agreements are ambiguous, the Court is empowered to resolve that ambiguity—and thereby its own jurisdiction—at an evidentiary hearing following limited jurisdictional discovery. *See EMA*, 2021 U.S. Dist. LEXIS 187862, at *13 (citing *DDB Techs.*, 517 F.3d at 1291); *Script Sec. Sols.*, 2016 U.S. Dist. LEXIS 150209, at *10 ("As in other fields, a party in a patent case is ordinarily not entitled to have a jury decide the

issue of standing." (citing *DDB Techs.*, 517 F.3d at 1290–91)); *PerDiemCo, LLC v. Industrack LLC*, No. 2:15-CV-00727-JRG-RSP, 2016 U.S. Dist. LEXIS 151935, at *22 (E.D. Tex. Oct. 17, 2016), *R&R adopted*, 2016 U.S. Dist. LEXIS 151565 (E.D. Tex. Nov. 1, 2016) ("[T]he jury is only permitted to resolve a jurisdictional dispute that intertwines or depends on the merits.").

### B. Plaintiff has not properly served Amazon or attempted service on Ring

Plaintiff's attempted service on Amazon was ineffective. Rule 4(h)(b) permits a plaintiff to serve a corporation like Amazon "by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(b). A simple search of the Texas Secretary of State's website reflects that Amazon.com, Inc., a Delaware holding company headquartered in Washington, has not registered an agent for service of process in Texas. Given that, it is unclear what basis Plaintiff had for believing CT Corporation System in Dallas and Corporation Service Company in Austin were Amazon's agent for service. Plaintiff's service on the latter was ineffective. This Court should quash Plaintiff's erroneous service. *See IntelliGender*, 2011 U.S. Dist. LEXIS 26301, at *13 ("A district court faced with a Rule 12(b)(5) motion normally has discretion to either dismiss the action or simply to quash service.").

Plaintiff has not even attempted to serve Ring. It never requested issuance of a summons addressed to Ring despite Rule 4(b)'s requirement that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued *for each defendant to be served*." Fed. R. Civ. P. 4(b). Thus, Plaintiff could not have properly served Ring because it never even requested a summons addressed to Ring. And Plaintiff's attempted service of a summons issued to Amazon.com, Inc. fails for the reason discussed above. Rule 4(m) requires that a plaintiff serve defendants "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m), and Plaintiff's 90

days expired on January 5, 2023. Ring therefore requests that the Court dismiss the action for failure to attempt service. *Id.*; *see also Kaden v. Chamisa Arts, Inc.,* No. EP-15-CV-146-DB, 2016 U.S. Dist. LEXIS 92814, at *15 n.4 (W.D. Tex. July 15, 2016) (collecting authority that failure to attempt service is properly brought under Rule 12(b)(5)).

## V. CONCLUSION

For the foregoing reasons, this case should be dismissed with prejudice for lack of standing under Rule 12(b)(1). Plaintiff should not be granted leave to amend because any amendment is futile. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (holding that a plaintiff cannot cure its lack of Article III standing by adding a party or executing a *nunc pro tunc* assignment); *Intellectual Tech LLC v. Zebra Techs. Corp.*, No. 6:19-cv-00628-ADA, 2022 U.S. Dist. LEXIS 90905, at *19 (W.D. Tex. May 20, 2022). Absent dismissal, the Court should quash any prior attempt at service on Defendants.

Defendants also respectfully request that the Court consider awarding Defendants reasonable costs and fees associated with filing this motion. Defendants afforded Plaintiff an opportunity to explain how it has standing; Plaintiff's response illustrates a failure of pre-suit diligence on the most basic requirements for filing and proceeding with this suit.

16

Dated: February 1, 2023

Respectfully submitted,

/s/ *Brian C. Nash*
Brian C. Nash
TX Bar No. 24051103
Regan J. Rundio
TX Bar No. 24122087
MORRISON & FOERSTER LLP
701 Brazos Street, Suite 1100
Austin, TX 78701
Tel: (737) 309-0700
BNash@mofo.com
RRundio@mofo.com

**Counsel for Amazon.com, Inc. and Ring LLC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 1, 2023.

*/s/ Brian C. Nash*
Brian C. Nash

SF-5373914