# Exhibit H

**MORRISON FOERSTER**

701 BRAZOS STREET
SUITE 1100
AUSTIN, TX 78701

TELEPHONE: 737.309.0700
FACSIMILE: 737.910.0730

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
PALO ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

Brian C. Nash
bnash@mofo.com
737.609.0654

Via Electronic Mail (wramey@rameyfirm.com)

January 20, 2023

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006

   Re: *VIAAS Inc. v. Amazon.com, Inc. et al.*, No. 6:22-cv-01041-KC

Dear Mr. Ramey:

I write regarding deficiencies in VIAAS Inc.'s constitutional standing to bring the above referenced lawsuit against Defendants in the Western District of Texas. Specifically, the publicly recorded assignment agreements fail to demonstrate that VIAAS owns the asserted patents.

***First,*** the publicly recorded chains of title reflect that Third Iris Corp., not VIAAS, owns each patent. For U.S. Patent No. 8,558,888 (the "'888 patent"), the chain of title shows:

- 2009: The sole inventor assigned the patent to Third Iris Corp.
- 2017: Barracuda Networks, Inc. ("Barracuda") assigned the patent to VIAAS.

There is no record of Third Iris Corp. assigning the '888 patent to Barracuda. Accordingly, Third Iris Corp. still owns the '888 patent.

For U.S. Patent No. 9,472,069 (the "'069 patent"), the chain of title shows:

- 2009: The sole inventor assigned the '069 patent to Third Iris Corp.
- 2015: The sole inventor assigned the '069 patent to Barracuda.
- 2017: Barracuda then assigned it to VIAAS.

There is no record of Third Iris Corp. assigning the '069 patent back to the sole inventor before he assigned it to Barracuda. Accordingly, Third Iris Corp. still owns the '069 patent.

**MORRISON FOERSTER**

Page Two

***Second,*** to the extent Barracuda *did* possess sufficient title to convey to VIAAS, the publicly recorded 2017 agreement between those companies only reflects a mere promise to assign *in the future*, not a contemporaneous assignment sufficient to transfer patent ownership. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 1:12-CV-773-SS, 2015 WL 11251772, at *5 (W.D. Tex. Feb. 17, 2015), *aff'd in relevant part*, 676 F. App'x 967 (Fed. Cir. 2017) (discussing the distinction). Thus, the 2017 agreement is insufficient to convey ownership of the patents from Barracuda to VIAAS.

As the Federal Circuit emphasized in *View Engineering, Inc. v. Robotic Vision Systems*, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" 208 F.3d 981, 986–87 (Fed. Cir. 2000) (citation omitted). By its plain terms, Rule 11 applies to any pleading, written motion, or other paper, "whether by signing, filing, submitting, or later advocating it."

Defendants expect that VIAAS conducted a reasonable inquiry into its allegation that it is the "exclusive owner by assignment of all rights, title, and interest" in the '888 and '069 patents. ECF No. 1 ¶¶ 13, 14.

VIAAS bears the burden of establishing its standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing."). To avoid the expense associated with briefing this issue, Defendants request that, **by Wednesday, January 25, 2023**, VIAAS either: (1) dismiss this case for lack of standing; or (2) explain and produce agreements demonstrating both that Third Iris Corp. does not currently own the asserted patents *and* that Barracuda's agreement with VIAAS included a present assignment rather than a mere promise to assign. If VIAAS fails to do so, Defendants reserve their right to seek attorneys' fees and any other appropriate relief under Rule 11 and/or 35 U.S.C. § 285.

We are generally available to confer on this issue; please let me know if you would like to schedule a time to discuss. Please also confirm that you have provided your client with a copy of this letter consistent with your ethical obligations. Model Rules of Prof'l Conduct 1.4(a)(3), (5); Tex. Disciplinary Rules of Prof'l Conduct 1.03.

Sincerely,

Brian C. Nash