IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VIAAS INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. WA-22-CV-1041-KC |
| | § | |
| AMAZON.COM INC. and RING LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered the parties' Joint Motion to Stay Proceedings ("Stay Motion"), ECF No. 26.  The parties seek to stay proceedings in the case until the Court rules on Defendants' Motion to Dismiss, ECF No. 13.  Stay Mot. 2.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Here, Defendants' Motion to Dismiss presents arguments regarding the Court's subject matter jurisdiction.  *See* Mot. Dismiss 9–15.  A ruling on these arguments could dispose of the case, and courts should generally resolve such arguments before allowing discovery or other matters to proceed.  *See, e.g.*, *Varela v. United States*, No. H-07-0343, 2012 WL 1936313, at *12 (S.D. Tex. May 29, 2012) ("Questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." (quoting *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (cleaned up)); *Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF), 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (finding a stay appropriate when "Defendants challenge[d] the Court's subject matter jurisdiction" (collecting cases)).

Moreover, the fact that the parties jointly moved for a stay indicates that none of the parties will suffer prejudice from the resulting delay.  *See* Stay Mot. 2.

Accordingly, the Court **ORDERS** that the parties' Stay Motion, ECF No. 26, is **GRANTED**.  All deadlines and discovery in this matter are **STAYED** pending further order of the Court.

**SO ORDERED**.

SIGNED this 28th day of March, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE